FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CARROLL D.,
        Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

        Defendant.

No. 4:24-CV-5120-JAG

ORDER AFFIRMING
DECISION OF THE ALJ

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 7, 10. Attorney Maren A. Bam represents Plaintiff; Special Assistant United States Attorney Thomas E. Chandler represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 2. After reviewing the administrative record and briefs filed by the parties, the Court **AFFIRMS** the ALJ's decision.

### I.     JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on October 21, 2021, alleging disability since August 15, 2020 due to MDD, hypothyroidism, bipolar disorder, hips, right eye, and hearing. Tr. 59. Plaintiff's claim was denied initially and on reconsideration,

ORDER AFFIRMING ALJ'S DECISION - 1

and she requested a hearing before an administrative law judge (ALJ).  Tr. 78-79.  A hearing was held on December 18, 2023, at which vocational expert Patricia Ayerza, and Plaintiff, who was represented by Andrew Scott Youngman, a non-attorney representative, and Peter Natale, a non-attorney representative, testified.  Tr. 17.  ALJ Caroline Siderius presided.  Tr. 16.  The ALJ denied benefits on January 12, 2024, and issued a written decision on January 19, 2024.  Tr. 14, 17-28.  The Appeals Council denied review.  Tr. 1.  The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on September 24, 2024.  ECF No. 1.

## II.     STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here.  Plaintiff was born in 1965 and was nearly 55 years old on the alleged onset date.  Tr. 59.  Plaintiff previously worked as a delivery driver, a school bus driver, and a dispatcher.  Tr. 26.

## III.     STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.   SEQUENTIAL EVALUATION PROCESS

The Commissioner follows a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do their past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V.  ADMINISTRATIVE FINDINGS

On January 19, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 28.

At *step one*, ALJ Siderius found that Plaintiff had not engaged in substantial gainful activity since August 15, 2020.  Tr. 19.

At *step two*, the ALJ found Plaintiff had the severe impairments of bipolar disorder and anxiety.  Tr. 19.

At *step three*, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  Tr. 20.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform medium work, with the following limitations:

> claimant should not walk on uneven surfaces or be exposed to unprotected heights, occasionally climb ladders, ropes, and scaffolds, frequently climb ramps and stairs, frequently stoop, kneel, crouch and crawl, should not be exposed to more than ordinary office level noises; limited to simple, routine and repetitive tasks; occasional contact with coworkers, and superficial and brief contact with the general public.

Tr 22.

At *step four*, the ALJ found that Plaintiff could not perform past relevant work as a delivery driver, school bus driver, and dispatcher.  Tr. 26.

At *step five*, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of cleaner, sexton, and routing clerk.  Tr. 27. The ALJ thus concluded Plaintiff was not under a disability within the meaning of

the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 28.

## VI.  ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends that the ALJ erred by failing to designate Plaintiff's hearing loss in one ear and his ankle pain as "severe" at step two. ECF No. 7 at 13-18.

## VII.  DISCUSSION

"At step two, the ALJ assesses whether the claimant has a medically severe impairment or combination of impairments that significantly limits his ability to do basic work activities." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities. 20 C.F.R. § 404.1522(a) (West 2025). Basic work activities means "the abilities and aptitudes necessary to do most jobs," including "walking, standing" and "[c]apacities for seeing, hearing, and speaking." 20 C.F.R. § 404.1522(b)(1) and (2) (West 2025). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[T]he ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." *Id*.

At step two, the ALJ examined all the medically determinable conditions alleged by Plaintiff and found only Plaintiff's bipolar disorder and anxiety as "severe" impairments after also considering Plaintiff's vision and hearing issues and hip and ankle issues. Tr. 19-20. The ALJ found Plaintiff's vision and hearing

loss were correctable with the use of glasses and hearing aids and opined that neither Plaintiff's vision nor hearing issues were severe impairments. Tr. 20. As for the ankle (and hip) pain, the ALJ examined the medical record prior to discounting ankle pain as a severe impairment. Tr. 20. Nonetheless, despite finding that neither Plaintiff's hearing loss nor Plaintiff's ankle pain were severe impairments, the ALJ still included limitations in the Residual Functional Capacity findings that accounted for the impairments of ankle pain and hearing loss. Tr. 23-24.

The ALJ's failure to designate hearing loss and hip/ankle pain as severe constitutes error, however, the error was harmless due to inclusion of limitations in the RFC that addressed those medical impairments. The ALJ failed to consider hearing loss in one ear and Plaintiff's ankle/hip pain in conjunction with all medically determinable conditions but instead examined each condition separately. When considered along with other conditions, the ALJ should have found Plaintiff's ankle/hip pain to be severe at step two because the pain limited his ability to walk and stand. *See* 20 C.F.R. § 404.1522(b)(1). Similarly, the ALJ should have considered hearing loss in one ear as medically severe when considered in conjunction with other impairments because hearing loss impaired Plaintiff's capacity for hearing, 20 C.F.R. § 404.1522(b)(2), although the ALJ noted that much of that loss could be remedied through use of hearing aids. Tr. 20.

Despite this failure, the ALJ recognized that the hearing loss as well as the ankle/hip pain impaired Plaintiff's ability to do basic work activities so included limitations in the RFC that addressed these medical impairments. Consequently, although the ALJ technically erred, the ALJ's decision of nondisability did not rely upon the error. ALJ errors in social security cases are harmless, if they are "inconsequential to the ultimate nondisability determination" and the reviewing court can "confidently conclude that no reasonable ALJ, when fully crediting the

testimony [at issue], could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout v. Commissioner of Social Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006). Accordingly, any error by the ALJ in assessing these impairments as "not severe" at step two rather than considering the combined effect of all of Plaintiff's impairments was functionally remedied by including limitations in the Residual Functional Capacity findings that still accounted for the non-severe impairments of ankle pain and hearing loss. In other words, including limitations for these impairments at Step Five had the same functional result as making the initial finding that the impairments, in combination, were severe, when making the disability determination. Since the error of finding ankle pain and hearing loss were not severe at step two was inconsequential to the ultimate finding of non-disability, the error was harmless.

## VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on harmful error. Accordingly, **IT IS ORDERED**:

1. Defendant's request to affirm the ALJ's decision, **ECF No. 10**, is **GRANTED**.

2. Plaintiff's request to remand, ECF No. 7 is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 30, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER AFFIRMING ALJ'S DECISION - 7